**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000567
31-JAN-2022
08:01 AM
Dkt. 95 SO**

NO. CAAP-17-0000567

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF THE CONSERVATORSHIP OF JANE DOE

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(C. NO. 16-1-0028)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and Nakasone, JJ.)

Respondent-Appellant Barbara J. Brodhead (**Appellant**)[1] appeals from the March 8, 2017 Order Granting Petition for Appointment of Conservator filed May 5, 2016 (**Order Appointing Conservator**), and the June 30, 2017 Judgment on Order Granting Petition for Appointment of Conservator filed May 5, 2016 (**Judgment**), filed by the Circuit Court of the First Circuit (**Probate Court**).[2]

On appeal, Appellant contends that the Probate Court: (1) exceeded its authority in a conservatorship proceeding when it authorized the Special Conservator to oversee her healthcare and medical decisions, terminating her long-term caregiver and hiring others against her wishes; (2) abused its discretion when it appointed a Special Conservator without clear and convincing evidence of an impairment that prevented Appellant from making her own financial decisions; and (3) abused its discretion when

---

[1] In the Opening Brief, Appellant requests that her name be kept confidential. The record does not contain any order granting such a request. Nor has Appellant filed any motion or cited any authority supporting this request on appeal, and we do not address it.

[2] The Honorable Derrick H.M. Chan entered the Order, and the Honorable Virginia Lea Crandall entered the Judgment.

it appointed a Special Conservator without first finding by a preponderance of evidence that her property would be wasted or dissipated unless she was removed from its management, and also erred when it did not determine that her property would be dissipated or wasted without management.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we address Appellant's contentions as follows, and we vacate and remand.

A Petition for Appointment of Conservator (**Petition**) was filed on May 5, 2016, by Petitioner-Appellee Thomasene Brodhead and Interested Person-Appellee Virginia La Pierre, who are Appellant's siblings (collectively, **Sisters**), seeking the appointment of a conservator under Hawaii Revised Statutes (**HRS**) § 560:5-401(2)(2006 & Supp. 2016).[3]  Appellant had no children, and Sisters filed the Petition out of concern for the alleged neglect, isolation, and alleged improper influence and financial exploitation of Appellant by her caregiver and friend, Madeline Morales (**Caregiver**).  The Petition requested, among other things, the appointment of Andrew D. Smith, Esq., (**Smith**) as Conservator to assist Appellant with the management of her business and financial interests, and to protect Appellant's interests against undue influence or encumbrance by others.

---

[3]     HRS § 560:5-401 provides in relevant part:  "Upon petition and after notice and hearing, the court may appoint a limited or unlimited conservator or make any other protective order provided in this part in relation to the estate and affairs of . . . (2) Any individual[.]" Subsections (A) and (B) require the following proof to appoint a conservator:

(A)  By clear and convincing evidence, the individual is unable to manage property and business affairs effectively because of an impairment in the ability to receive and evaluate information or to make or communicate decisions, even with the use of appropriate and reasonably available technological assistance or because of another physical, mental, or health impairment. . .; and

(B)  By a preponderance of evidence, the individual has property that will be wasted or dissipated unless management is provided or money is needed for the support, care, education, health, and welfare of the individual. . . .

Following the completion of a July 29, 2016 report by a court-appointed Kokua Kanawai[4] to review the matters raised in the Petition, the Probate Court appointed Smith to serve as Special Master,[5] to prepare a written report regarding the appropriateness of a conservatorship. Specifically, the August 30, 2016 Order Appointing Special Master provided:

> IT IS FURTHER ORDERED that the Special Master shall prepare a written report of his findings to the Court with respect to [Appellant's] understanding of her financial situation and options, her ability to exercise her rights accordingly, and the existence (if any) of an impairment in [Appellant's] ability to receive and evaluate information or make or communicate decisions regarding management of her property and business affairs, within the meaning of HRS § 560:5-401(2)(A).

The Special Master was also to report on the existence, if any, of undue influence or financial exploitation of Appellant.

Upon completion of his investigation, the Special Master filed his February 2, 2017 report recommending a limited special conservatorship. The report addressed, among other things, Appellant's physical health, mental condition, proposed care plan, and her finances. The report included the Special Master's conclusion regarding undue influence and financial exploitation of Appellant. However, the report did not address whether there was any "impairment in [Appellant's] ability to receive and evaluate information or make or communicate decisions

---

[4] "'Kokua kanawai' means an individual appointed by a court who has the role and authority granted under rule 113 of the Hawaii probate rules." HRS § 560:5-102 (2006). Hawai'i Probate Rules (**HPR**) Rule 113 provides:

> **ROLE AND AUTHORITY OF KOKUA KANAWAI.** A Kokua Kanawai appointed in a protective proceeding shall serve as . . . an extension of the court to conduct an independent review of the situation, to interview the respondent and the person seeking to be appointed conservator or guardian, and to report its findings and recommendations to the court[.]

[5] The Special Master was appointed pursuant to HPR Rule 28(a), which states:

> The court may appoint a master to review any petition or dispute before the court and to report the recommendations of the master to the court. The master shall serve as a representative of the court and shall be a person who has no conflict of interest with any party or issue in the proceeding.

regarding management of her property and business affairs, within the meaning of HRS § 560:5-401(2)(A)," as directed in the Order Appointing Special Master.

Following a February 16, 2017 hearing on the Petition, the Probate Court filed the March 8, 2017 Order Appointing Conservator, which, among other things, appointed Smith to serve as Special Conservator, and stated in pertinent part:

> A. The Petition for Appointment of Conservator is granted, subject to the recommendations of the Special Master contained in the Special Master's Report filed on February 2, 2017, which are adopted and approved, and set forth herein, and subject to modification at a later date as set forth herein;
>
> B. The appointment of the Special Master shall be terminated and the Special Master shall be discharged from further duties and responsibilities as Special Master[;]
>
> C. Jurisdiction and venue are proper;
>
> D. A basis exists for a special conservatorship;
>
> E. The appointment of a special conservator is in the best interest of the Protected Person;
>
> F. Andrew Smith, Esq. ("Smith") is qualified to serve as Special Conservator;
>
> G. Smith is appointed as Special Conservator without bond;
>
> H. The Special Conservator shall file with the Court within thirty (30) days of entry of this Order, a proposed budget of income and expenses for the Protected Person, pursuant to Rule 108 of the Hawai'i Probate Rules, and a detailed inventory of the estate subject to the conservatorship, together with an oath or affirmation that the inventory is believed to be complete and accurate as far as information permits;
>
> . . . .

(Emphases added). The Order Appointing Conservator did not contain factual findings or any language citing to and determining that the statutory criteria for appointment of a conservator under HRS § 560:5-401(2)(A) and (B) had been met.

On June 30, 2017, the Probate Court entered Judgment on the March 8, 2017 Order. This timely appeal followed.[6]

---

[6] Appellant's Notice of Appeal, filed July 26, 2017, appealed from the June 30, 2017 Judgment on Order Granting Petition for Appointment of

(continued...)

The Hawaiʻi Supreme Court has held that "it is not the function of the appellate court to conduct its own evidentiary analysis" where the probate court did not issue factual findings. In re Elaine Emma Short Revocable Living Tr. Agreement, 147 Hawaiʻi 456, 465, 465 P.3d 903, 912 (2020).[7]  "[T]he absence of factual findings by the probate court" does not enable an appellate court "to meaningfully review the basis of the probate court order . . . ."  Id. at 459, 465 P.3d at 906.

Appellant contends the record does not contain clear and convincing evidence of Appellant's inability to effectively manage her property and business affairs pursuant to HRS § 560:5-401(2)(A).  Appellant argues that the statute requires "clear and convincing evidence" that Appellant cannot manage her property and business affairs effectively because of an impairment in her ability to receive and evaluate information or to make or communicate decisions, or because of another physical, mental, or health impairment.  Appellant further argues that the Probate Court failed to "enter any findings of fact which reflected the proof standards in the statute."  Appellant's contentions have merit.

HRS § 560:5-401(2)(A) requires proof of the individual's impaired ability "to manage property and business affairs effectively" by clear and convincing evidence.  "[T]he clear and convincing evidence standard has been recognized as a

---

[6](...continued)
Conservator filed May 5, 2016.  An Order Affirming and Supplementing Order Granting Petition for Appointment of Conservator filed May 5, 2016, signed by Judge Crandall, was also filed on June 30, 2017.  While no Judgment was filed as to the subsequent Order, we construe this appeal to include this Order. See Ueoka v. Syzmanski, 107 Hawaiʻi 386, 396, 114 P.3d 892, 902 (2005) ("An appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case.") (citation and internal quotation marks omitted)).  The June 30, 2017 order also did not contain any factual findings or language citing to and determining that the statutory criteria under HRS § 560:5-401(2)(A) and (B) had been met.

[7]     In In re Elaine Emma Short, the Hawaiʻi Supreme Court held "that the absence of factual findings by the probate court did not enable the ICA to meaningfully review the basis of the probate court order to modify the trust and that the ICA's reliance on selective extrinsic evidence was improper." 147 Hawaiʻi at 459, 465 P.3d at 906.  The Court vacated the ICA's judgment and the probate court's order and judgment, and remanded the case for further proceedings consistent with its opinion.  Id.

more exacting standard that has been applied to a wide variety of civil cases where for policy reasons the courts require a higher than ordinary degree of certitude before making factual findings." Iddings v. Mee-Lee, 82 Hawaiʻi 1, 13, 919 P.2d 263, 275 (1996) (brackets, internal quotation marks, and citations omitted). Clear and convincing evidence "is that degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established, and requires the existence of a fact be highly probable." Id. (citations omitted).

Here, the Probate Court specifically ordered the Special Master to address the criteria under HRS § 560:5-401(2)(A) in the report. While the Special Master's report addresses Appellant's physical health, mental condition and finances, the report did not specifically determine or express an opinion regarding Appellant's physical or mental "impairment" within the meaning of the statute.[8]

The Order Appointing Conservator was based on the Special Master's report, that the Probate Court "adopted and approved" as the basis for its ruling. The order did not contain findings addressing the statutory requirements and standard of proof for the appointment of a conservator under HRS § 560:5-401(2)(A) and (B).

While HRS § 560:5-401(2)(B) (dealing with protection necessary to protect property or to provide needed money) contains requirements that must be proved by a preponderance of the evidence standard, the requirements in subsection (2)(A) are subject to a higher clear and convincing standard of proof. We conclude that there is ambiguity in the record before us, as to which type of impairment the Probate Court found in the record provided, and whether that impairment was established by a clear and convincing standard of proof under HRS § 560:5-401(2)(A). Without findings of fact, we are unable to meaningfully review

---

[8] While the Special Master's report addresses the subject matter of the second prong of the statute, HRS § 560:5-401(2)(B), and supplies evidence to support the (2)(B) requirement by a preponderance of the evidence, there was no express finding or determination by the court that subsection (2)(B) was satisfied.

the Probate Court's order, and an appellate court may not discern from the evidence whether and how this higher standard of proof was met, when it is not the factfinder.  See In re Elaine Emma Short, 147 Hawaiʻi at 459, 465 P.3d at 906.  The record should reflect the Probate Court's determination whether the statutory requirements and standard of proof have been met, or not, for both HRS § 560:5-401(2)(A) and (B).  Given our resolution here, it is not necessary to address Appellant's remaining contentions.

Therefore, IT IS HEREBY ORDERED that the (1) March 8, 2017 Order Granting Petition for Appointment of Conservator filed May 5, 2016; (2) the June 30, 2017 Judgment on Order Granting Petition for Appointment of Conservator filed May 5, 2016; and (3) the June 30, 2017 Order Affirming and Supplementing Order Granting Petition for Appointment of Conservator filed May 5, 2016 all filed by the Circuit Court of the First Circuit, are vacated.  This matter is remanded for further proceedings consistent with this Summary Disposition Order.[9]

DATED:  Honolulu, Hawaiʻi, January 31, 2022.

On the briefs:

Mark M. Murakami
(Damon Key Leong Kupchak
Hastert)
for Appellant Jane Doe

Thomas E. Bush
(Thomas Bush Law Office, LLLC)
for Plaintiff-Appellee
Thomasene Brodhead and
Interested Person Virginia La
Pierre

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

---

[9] The judges who presided over this matter are no longer available to enter findings of fact, and thus, we remand the case to the Probate Court for further proceedings consistent with this order.  See In re Elaine Emma Short, 147 Hawaiʻi at 471 n.30, 465 P.3d at 918 n.30 ("Because the probate judge who initially presided over this case is unavailable to enter findings of fact, we . . . remand the case to the probate court for further proceedings consistent with this opinion.").